**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.: |
| Plaintiff, | HONORABLE: |
| vs. | |
| MARK A. VESSELLA<br>AKA MARK ANTHONY VESSELLA, | |
| Defendant, | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Macomb County, Michigan within the jurisdiction of this Court and may be served with service of process at 22843 Cushing Ave., Eastpointe, MI 48021.

### The Debt – Account No. 1998A11636

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $7,311.18 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $3,002.20 |
| C. | Accrued Capitalized Interest since July 28, 1998 | $10,646.21 |
| | Owed | $20,959.59 |

**The Debt – Account No. 1998A14480**

4. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $3,154.34 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $1,194.39 |
| C. | Accrued Capitalized Interest since July 28, 1998 | $4,024.80 |
| | Owed | $8,373.53 |
| | **Total Owed** (*for Accounts 1998A11636 and 1998A14480*) | **$29,333.12** |

The Certificates of Indebtedness, attached as Exhibits "A and B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest for account 1998A11636 accrues at the rate of 9.13% per annum and prejudgment interest for account 1998A14480 accrues at the rate of 8.0% per annum.

.

**Failure to Pay**

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

D. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

E. For attorney's fees to the extent allowed by law;

F. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

     G.     For such other relief which the Court deems proper.

          Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
     CRAIG S. SCHOENHERR, SR. (P32245)
     Attorney for Plaintiff
     O'Reilly Rancilio PC
     12900 Hall Rd Ste 350
     Sterling Heights, MI  48313
     Phone: (586) 726-1000
     Fax: (586) 726-1560
     cschoenherr@orlaw.com

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Mark A. Vessella
AKA: Mark Anthony Vessella
22843 Cushing Ave
East Pointe, MI 48021
SSN:3XX-XX-3715

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/28/98.

On or about 05/21/87, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from First Bank (N.A.) at 9.13 percent interest per annum. This loan obligation was guaranteed by Great Lakes Higher Education Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 11/02/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,311.18 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/25/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 7,311.18 |
| Interest: | $ 3,002.20 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of 07/28/98: | $ 10,313.38 |

Interest accrues on the principal shown here at the rate of 1.83 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____  Name: _____
Title: Loan Analyst
Branch: Litigation Branch


EXHIBIT A

NOV 1993 806

PLEASE PRINT CLEARLY IN INK
BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE.

## AUXILIARY LOAN TO ASSIST STUDENTS (ALAS)

### A. IMPORTANT – READ THIS INFORMATION CAREFULLY

The terms "I" and "me" refer to the borrower.

Your Name: MARK A VESSELLA
Your SSN: ###-##-3715
Your Address: 26176 LEACH
Your City/State/ZIP: ROSEVILLE MICH 48066

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or the Higher Education Assistance Foundation (HEAF).
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) the dollar amount of the guarantee fee I will pay
   d) the check disbursement date
   e) repayment terms, if principal not deferred
   f) interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

### B. PROMISE TO PAY

I, MARK Anthony VESSELLA, promise to pay to the order of First Bank (N.A.) Milwaukee, Wisconsin

All of the following Amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. LOAN AMOUNT REQUESTED: $ 4,000.00
2) Interest on the unpaid principal balance at 12 percent per year.
3) The guarantee fee of one percent per year (up to five years) of the loan amount based on a declining balance.

### C. REPAYMENT

1. ☐ Immediate Repayment. If the preceding box is checked, I agree to begin repaying loan principal and interest within 60 days of disbursement. The terms and conditions of the repayment will be identified in the Disclosure Statement.
   ☒ Deferred Repayment. If the preceding box is checked, I wish to defer repayment of loan principal for reasons explained on the back of this Note. During the deferment period, interest on the loan shall, at my lender's option, and in accordance with the terms and conditions on the Disclosure Statement:
   (a) be paid by me in installments, or
   (b) accrue until repayment of principal begins, when the accrued interest shall be added to the principal amount of the loan.
   I agree to begin repayment of the loan in periodic installments of principal and interest within 60 days after I cease to be entitled to the deferment.
2. I will repay this loan over a term of no less than five years, and no more than ten years, from the date principal repayment begins. However, the following exceptions apply to this rule:
   (a) The repayment terms may be longer than ten years if I qualify for a deferment for reasons explained in Section D or for a modification of the repayment terms as explained in Section E.
   (b) My Lender may require a shorter repayment period if necessary to ensure that my payments in any year on my ALAS and Guaranteed Student Loan program loans, including those of my spouse, total at least $600 of the unpaid balance of such loans, whichever is less.
   (c) I may request, and the lender may grant me, a repayment period shorter than five years. In that event, I may later choose to have the repayment period extended to 5 years.
3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate Loan Disclosure. If I have more than one ALAS loan, the loans may be combined and the repayment terms will also be disclosed in a separate Repayment Schedule.
4. I will contact the Lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the Lender to establish repayment terms within the guidelines set forth in paragraph 2, without my further approval; however, my Lender must inform me of the terms in writing at the latest address which I have provided to the Lender.
5. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.
6. At my option, and without penalty, I may prepay all or any part of this loan plus interest thereon at any time. In the event of prepayment, I may be entitled to a refund of unearned interest. The amount of any such rebate shall be computed by the same method by which interest payments were computed.

### D. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, see Section I, the payments on this loan may be deferred. The instances currently authorized by the Act are described on the reverse of this Note. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the Lender.

I will remain responsible for payment of interest during any period of deferment, which my Lender may (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

### E. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms of this Note, I may request my Lender to modify those terms. My Lender may, but is not required to allow any of the following:
1) A short period of time in which payments are waived.
2) A reasonable extension of time for making payments.
3) The making of smaller payments than were originally scheduled.
No such modification shall affect my continuing obligation to pay interest.

### F. DEFAULT & ACCELERATION

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. A default may also make me ineligible for the benefits described in Sections B, D, and E. Under HEAF regulations governing the ALAS program, any of the following events is a default:
1) Failing to make any payment when due.
2) Making any false representation, for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if (a) I drop to less than a half-time student, (b) change my graduation date, (c) change my name and other costs.

If I default, I will also pay all charges and other costs — including Attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts owed.

### G. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or HEAF may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender may disclose information about the status of this loan to any credit bureau organization.

### H. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of any installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under Section D in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

### I. GENERAL

I understand that the lender has applied for a guarantee of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

NOTICE TO BORROWER:
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.

[Signature]   5-21-87
Sign Your Name    Today's Date

_____   _____
Your Indorser's Signature (if any)    Today's Date

Your Indorser's Address, City, State and ZIP Code

The above signed indorser signs this Promissory Note in the capacity of an indorser within the meaning of the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment for payment, notice of nonpayment, protest, and notice of protest, and acknowledges and agrees that the Lender has expressly reserved its rights against the undersigned. Indorser(s) acknowledges deferment of payment in accordance with Section D of this Note or modification of repayment terms in accordance with Section E of this Note.

LENDER COPY

HEAF FORM A263 08/85

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

>Mark A. Vessella
>AKA: Mark Anthony Vessella
>22843 Cushing Ave
>East Pointe, MI 48021
>SSN ███-██-3715

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/28/98.

On or about 05/17/88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First Bank (N.A.) at 8 percent interest per annum. This loan obligation was guaranteed by Great Lakes Higher Education Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 11/02/93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,154.34 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/25/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 3,154.34 |
| Interest: | $ 1,194.39 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of 07/28/98: | $ 4,348.73 |

Interest accrues on the principal shown here at the rate of .69 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/4/98          Name: _____
                             Title: Loan Analyst
                             Branch: Litigation Branch


EXHIBIT B

# GUARANTEED STUDENT LOAN PROMISSORY NOTE

**NOV 1993**

**A. IMPORTANT — READ THIS INFORMATION CAREFULLY**

The terms "I" and "me" refer to the borrower.

| | |
|---|---|
| Your Name | MARK Anthony VESSELKA |
| Your SSN | ___-__-3715 |
| Your Address | 25176 Lerch |
| Your City/State/ZIP | Roseville Mich 48066 |

1. I will read this Promissory Note before I fill it out. If I have any questions, I will ask my lender. If I don't know who my lender will be, I will contact my school or HEAF.
2. [If the] lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me money. The lender has the right not to [make a loan] or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After HEAF has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) the dollar amount of the origination fee I will pay
   d) the dollar amount of the guarantee fee I will pay
   e) my disbursement schedule (when I will get my loan checks)
   f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on this Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash any loan checks.

I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

## B. PROMISE TO PAY

I, **MARK Anthony VESSELKA** (Print Your Name as Borrower), promise to pay to the order of **First Bank (N.A.)** (Print Your Lender's Name), Milwaukee, WI (Print Your Lender's City and State)

All of the following amounts:
1) The entire Loan Amount Requested or such lesser amount as is loaned. **LOAN AMOUNT REQUESTED $ 2625.00**

2) Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: ...

3) The Origination Fee which is .75% ...

4) The Guarantee Fee which will be deducted from the proceeds of the loan. ...

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Sub-chapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, federal regulations adopted under the Act, and the Rules and Regulations of the HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. ...

1) The Secretary will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, ...
2) Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, ...
3) The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, ...
   a) The lender may require a repayment period shorter than five years ...
   b) Any period described under DEFERMENT in this Promissory Note or any period for which the lender has granted forbearance will not be included in determining the 5-, 10-, and 15-year periods mentioned above.
4) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
5) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 3 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
6) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

HEAF Form 207A, 03/84

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section D may be deferred. ...

## G. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section D, I may request the lender to modify those terms ...

## H. ACCELERATION & DEFAULT

If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest and applicable late charges, immediately due and payable. ...
1) Failing to make any payment when due.
2) Making any false representation for the purposes of obtaining this loan.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

If I fail to make any payment when due, I will also pay all charges and other costs — including attorney's fees — that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. ...

## I. CREDIT BUREAU NOTIFICATION

If I default on this loan, the lender or guarantor may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. ...

## J. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5 or 5% of an installment, whichever amount is less.

### NOTICE TO BORROWER
a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECKS AND 2) CONTACT YOUR LENDER.

_[signature]_     5-17-88
Sign Your Name     Today's Date

LENDER COPY